IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL J. TRACY, an individual and Derivatively as a shareholder of Telemetrix<br><br>Plaintiff,<br><br>v.<br><br>TELEMETRIX, INC.; WILLIAM W. BECKER; LARRY L. BECKER; GARY BROWN; BECKER CAPITAL MANAGEMENT, LLC; GREEN EAGLE COMMUNICATIONS, INC.; GREEN EAGLE NETWORKS, INC.<br><br>Defendants. | Case No. 8:12-cv-00359<br><br><br><br>PROTECTIVE ORDER |

**STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION**

THIS COURT is advised that the parties in this action have sought and may in the future seek discovery of information and documents that the disclosing party deems to constitute, contain or reveal "Confidential Information," as that term is defined herein. Therefore, in order to facilitate and expedite the discovery of Confidential Information, the parties and their

2011824.3

respective counsel have agreed that such discovery will be subject to this Stipulated Protective Order ("Order"), hereby entered pursuant to F.R.C.P. 26(c).

IT IS HEREBY AGREED AND ORDERED:

1. <u>Definitions</u>. The following definitions shall apply:

    (a) The word "Litigation" means the above-captioned case.

    (b) "Discoverable Matter" means all information, documents and other tangible things that are discoverable in the Litigation, in any form or format, including, but not limited to, interrogatory answers; requests to admit and responses thereto; documents and tangible things produced in this Litigation by any party or non-party, whether pursuant to the Federal Rules of Civil Procedure, subpoena or by agreement; deposition testimony, transcripts thereof and exhibits thereto; and any quotation from, description of, or summary of any of the foregoing.

    (c) "Confidential Information" means all Discoverable Matter that meets the following criteria:

        (i) The Discoverable Matter constitutes, contains, refers to, or reveals (a) any confidential or financial information, or other information relating to any business of any party, in any form or format; (b) information and/or documents that is/are required to be kept confidential due to preexisting obligations, including contractual obligations; c) any of the parties' sensitive business or technical information, trade secrets, confidential research, development,

business plans, new business development, proprietary information, internal financial accounting information, or other technical, policy, or commercial information that, if disclosed to a business competitor, would provide a significant advantage to the party's competitors; or d) the personal identifying information (*e.g.*, social security numbers, dates of birth) and personal financial information of the parties and/or their principals, agents or representatives.

   (ii) The party designating the Discoverable Matter as "CONFIDENTIAL" (the "Designating Party") believes in good faith that the Discoverable Matter merits protection under F.R.C.P. 26(c); and

   (iii) The Discoverable Matter is designated as "CONFIDENTIAL" pursuant to Paragraph 2, below.

 (d) "Qualified Person" means and refers to:

   (i) The parties, including their employees, officers and/or directors to whom disclosure is reasonably necessary for this Litigation;

   (ii) Each party's respective undersigned counsel of record in the Litigation, and associate attorneys, paralegals, and clerical employees associated with them who have a need to know the Confidential Information;

2011824.3

3

    (iii) Stenographic reporters and videographers engaged for depositions or proceedings necessary to this Litigation;

    (iv) Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors, to whom disclosure is reasonably necessary for this Litigation;

    (v) Any expert witness or consultant (as that term is used in F.R.C.P. 26(b)(4)(D)) retained by any party in the Litigation who has a need to know the Confidential Information;

    (vi) Third-party mediators selected by the parties;

    (vii) The Court and its personnel;

    (viii) Persons actually deposed or called to testify at hearings or trial concerning such Confidential Information; and

    (ix) Such other persons acceptable to counsel for the parties, who sign Exhibit A attached hereto and incorporated herein.

  2. <u>Designating Confidential Information</u>. The Designating Party may designate Discoverable Matter as confidential by placing the word "CONFIDENTIAL" on each document (including written discovery responses) or tangible thing constituting, containing or revealing Confidential Information; by indicating on the record those portions of deposition testimony it intends to designate as Confidential Information; and by such other reasonable means as the parties may agree or as the Court may order. Any failure to designate Discoverable Matter as

2011824.3    4

confidential at the time of, or promptly after, production may be cured by a subsequent designation, provided the failure to timely designate was the result of excusable neglect. With respect to deposition transcripts, within twenty-one (21) days after receipt of a transcript, the Designating Party shall advise the other parties and court reporter of the specific portions of the testimony it contends are confidential, unless the parties agree to an extension of that period of time. Until the period of time for designation has passed, or until the Court has ruled on any disputed designations of confidentiality, the parties shall treat the designated portions of any deposition transcripts as Confidential Information. All Discoverable Matter designated as confidential shall be subject to this Order unless and until the parties otherwise agree or the Court otherwise orders.

3. <u>Use of Confidential Information</u>. Each Qualified Person given access to any Confidential Information shall maintain the Confidential Information in strict confidence and shall not disclose the Confidential Information to any other person, firm or enterprise, except another Qualified Person or as otherwise permitted in this Order, and shall not use any Confidential Information for his, her or its own purposes or for any purpose other than proper use of the Confidential Information in this Litigation, subject to this Order.

4. <u>Filing Confidential Information</u>. All Confidential Information filed with the Court, and all pleadings, motions, or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal and kept under seal pursuant to NECivR 7.5 until further order of the Court. Where possible, only those portions of papers filed with the Court that contain, constitute or reveal Confidential Information shall be filed under seal.

5. <u>Court Proceedings</u>. Confidential Information may be offered in evidence at trial or any court hearing. Any party may move the Court for an Order that the evidence be received *in camera* or subject to other conditions to prevent unnecessary disclosure. Discoverable Matter designated as confidential shall not lose its status as Confidential Information because it is used in any court proceeding herein, unless the confidential status of such Confidential Information is expressly waived by a party or its counsel in open court, or upon order of the Court.

6. <u>Contested Designations</u>. A party shall not be obligated to challenge the propriety of a designation of Confidential Information at the time of the designation, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a party disagrees at any stage of these proceedings with the designation by the Designating Party of any Discoverable Matter as Confidential Information, the parties shall try first to resolve such dispute in good faith on an informal basis. A party may object to the designation by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the dispute cannot be resolved within 14 days, any party may challenge the propriety of a designation of Confidential Information before the Court. Until the Court has ruled on any disputed designations of confidentiality, the parties shall treat Discoverable Matter designated as Confidential Information by another party as such. Upon a challenge of confidentiality before the Court, the party claiming confidentiality of the subject Discoverable Matter shall bear the burden of proving it is Confidential Information.

7. <u>Termination of the Litigation</u>. Upon the termination of the Litigation in any manner, including but not limited to, a final judgment after appeal (if any) or by a settlement, each Qualified Person shall upon request return all Confidential Information to the Designating

Party or the Designating Party's counsel, along with all copies thereof in his, her, or its possession, custody or control, and shall certify in writing that all such Confidential Information and copies have been returned. As an alternative, each Qualified Person may, with the consent of the Designating Party, destroy all Confidential Information, and all copies and/or summaries of Confidential Information, including notes or other memoranda or writings regarding the contents of such Confidential Information. Each Qualified Person shall thereupon provide the Designating Party's counsel with a written certification that, to the best of his, her, or its knowledge and information, all such Confidential Information has been destroyed. However, the foregoing obligations shall not extend to any Confidential Information embodied in materials protected by the attorney/client privilege or the work product doctrine, and counsel for each party in this Litigation may retain one copy of any and all items constituting Confidential Information for purposes of any possible future dispute over alleged violation of this Order or over any agreement, decision, decree or order of judgment disposing of all or part of the Litigation.

8. <u>Effect of Order</u>. Neither the taking of any action in accordance with the provisions of this Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in the Litigation. The entry of this Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery. This Order shall not prevent any of the parties from applying to the Court for relief herefrom or from other Orders, or from agreeing between themselves to a modification of this Order, subject to the approval of the Court.

9. <u>Jurisdiction of Court</u>. Each Qualified Person agrees that this Court shall have, and shall retain after this action is terminated, jurisdiction over it and them for the purpose of enforcing this Order, and/or granting such amendments, modifications, and additions to this Order, and/or such other and further relief as may be necessary.

10. <u>Breach</u>. Any breach of the provisions of this Order may subject the breaching party to an injunction, damages, or such other sanctions which, in the discretion of the Court, are necessary to ensure compliance with this Order, as within or authorized by any statute, rule or inherent power of the Court, or as otherwise provided by law.

11. <u>Effective Date</u>. This Order is effective immediately upon execution by the parties and their respective counsel in this Litigation.

12. <u>Survival</u>. This Order shall survive the final disposition of this action, by judgment, dismissal, settlement, appeal, or otherwise.

March 26, 2015.                                    BY THE COURT:

*Cheryl R. Zwart*
United States Magistrate Judge

AGREED AS TO FORM AND SUBSTANCE:

MICHAEL D. TRACY, Plaintiff

By: _____
Stuart J. Dornan, NE Bar #18553
Thomas J. Monaghan, NE Bar #12874
Ross R. Pesek, NE Bar #24636
DORNAN, LUSTGARTEN & TROIA PC LLO
1403 Farnam Street, Suite 232
Omaha, Nebraska 68102
(402) 884-7044
(402) 884-7045 (facsimile)
Stu@dltlawyers.com
tom@dltlawyers.com
ross@dltlawyers.com

TELEMETRIX, INC., WILLIAM BECKER, AND GARY BROWN, Defendants,

By: _____
Daniel K. Calisher, Esq.
Brian C. Proffitt, Esq.
David S. Canter, Esq.
FOSTER GRAHAM MILSTEIN
& CALISHER LLP
360 S. Garfield Street, 6th Floor
Denver, CO 80209
calisher@fostergraham.com
brian@fostergraham.com
dcanter@fostergraham.com

AND

By: _____
Philip M. Kelly, NSBA #15427
DOUGLAS, KELLY, OSTDIEK & OSSIAN, P.C.
105 E. 16th Street – P.O. Box 419
Scottsbluff, NE 69363-0419
(308) 632-7191
pkelly@scottsblufflaw.com

LARRY BECKER, BECKER CAPITAL MANAGEMENT, LLC, GREEN EAGLE COMMUNICATIONS, INC., AND GREEN EAGLE NETWORKS, INC., Defendants,

By: _____
Thomas J. Culhane, NE Bar #10859
Matthew B. Reilly, NE Bar #24186
ERICKSON | SEDERSTROM, P.C.
10330 Regency Parkway Drive, Suite 100
Omaha, NE 68114-3761
(402) 397-2200
(402) 390-7137 (facsimile)
culhane@eslaw.com
reilly@eslaw.com

AND

By: _____
K.C. Groves, Esq.
Benjamin J. Larson, Esq.
IRELAND STAPLETON PRYOR & PASCOE, PC
717 17th Street, Suite 2800
Denver, CO 80202
kcgroves@ireandstapleton.com
blarson@irelandstapleton.com

AGREED AS TO FORM AND SUBSTANCE:

MICHAEL TRACY, Plaintiff

By: _____
Stuart J. Dornan, NE Bar #18553
Thomas J. Monaghan, NE Bar #12874
Ross R. Pesek, NE Bar #24636
DORNAN, LUSTGARTEN & TROIA PC LLO
1403 Farnam Street, Suite 232
Omaha, Nebraska 68102
(402) 884-7044
(402) 884-7045 (facsimile)
Stu@dltlawyers.com
tom@dltlawyers.com
ross@dltlawyers.com

TELEMETRIX, INC., WILLIAM BECKER,
AND GARY BROWN, Defendants,

By: _____
Daniel K. Calisher, Esq.
Brian C. Proffitt, Esq.
David S. Canter, Esq.
FOSTER GRAHAM MILSTEIN
& CALISHER LLP
360 S. Garfield Street, 6th Floor
Denver, CO 80209
calisher@fostergraham.com
brian@fostergraham.com
dcanter@fostergraham.com

AND

By: _____
Philip M. Kelly, NSBA #15427
DOUGLAS, KELLY, OSTDIEK & OSSIAN, P.C.
105 E. 16th Street – P.O. Box 419
Scottsbluff, NE 69363-0419
(308) 632-7191
pkelly@scottsblufflaw.com

LARRY BECKER, BECKER CAPITAL
MANAGEMENT, LLC, GREEN EAGLE
COMMUNICATIONS, INC., AND GREEN
EAGLE NETWORKS, INC., Defendants,

By: _____
Thomas J. Culhane, NE Bar #10859
Matthew B. Reilly, NE Bar #24186
ERICKSON | SEDERSTROM, P.C.
10330 Regency Parkway Drive, Suite 100
Omaha, NE 68114-3761
(402) 397-2200
(402) 390-7137 (facsimile)
culhane@eslaw.com
reilly@eslaw.com

AND

By: _____
K.C. Groves, Esq.
Benjamin J. Larson, Esq.
IRELAND STAPLETON PRYOR & PASCOE, PC
717 17th Street, Suite 2800
Denver, CO 80202
kcgroves@irelandstapleton.com
blarson@irelandstapleton.com

AGREED AS TO FORM AND SUBSTANCE:

MICHAEL TRACY, Plaintiff

By: _____
Stuart J. Dornan, NE Bar #18553
Thomas J. Monaghan, NE Bar #12874
Ross R. Pesek, NE Bar #24636
DORNAN, LUSTGARTEN & TROIA PC LLO
1403 Farnam Street, Suite 232
Omaha, Nebraska 68102
(402) 884-7044
(402) 884-7045 (facsimile)
Stu@dltlawyers.com
tom@dltlawyers.com
ross@dltlawyers.com

TELEMETRIX, INC., WILLIAM BECKER,
AND GARY BROWN, Defendants,

By: _____
Daniel K. Calisher, Esq.
Brian C. Proffitt, Esq.
David S. Canter, Esq.
FOSTER GRAHAM MILSTEIN
& CALISHER LLP
360 S. Garfield Street, 6th Floor
Denver, CO 80209
calisher@fostergraham.com
brian@fostergraham.com
dcanter@fostergraham.com

AND

By: _____
Philip M. Kelly, NSBA #15427
DOUGLAS, KELLY, OSTDIEK & OSSIAN, P.C.
105 E. 16th Street – P.O. Box 419
Scottsbluff, NE 69363-0419
(308) 632-7191
pkelly@scottsblufflaw.com

LARRY BECKER, BECKER CAPITAL
MANAGEMENT, LLC, GREEN EAGLE
COMMUNICATIONS, INC., AND GREEN
EAGLE NETWORKS, INC., Defendants,

By: _____
Thomas J. Culhane, NE Bar #10859
Matthew B. Reilly, NE Bar #24186
ERICKSON | SEDERSTROM, P.C.
10330 Regency Parkway Drive, Suite 100
Omaha, NE 68114-3761
(402) 397-2200
(402) 390-7137 (facsimile)
culhane@eslaw.com
reilly@eslaw.com

AND

By: _____
K.C. Groves, Esq.
Benjamin J. Larson, Esq.
IRELAND STAPLETON PRYOR & PASCOE, PC
717 17th Street, Suite 2800
Denver, CO 80202
kcgroves@ireandstapleton.com
blarson@irelandstapleton.com

## EXHIBIT A

I have read the Stipulated Protective Order Regarding Confidential Information (the "Order") entered in the case entitled *Tracy v. Telemetrix, Inc., et al.*, No. 8:12-cv-00359, pending in the United States District Court for the District of Nebraska, a copy of which is annexed hereto, and I understand the terms thereof. In consideration of the disclosure to me of Confidential Information, as defined in the Order, I hereby agree to keep all such Confidential Information in confidence and not to disclose such Confidential Information to any other persons, and not to use such Confidential Information for any purpose other than the above-referenced civil action, except as permitted by the terms of the Order, and I agree to be otherwise bound by the terms, and subject to the Court's enforcement of, the Order.

Dated: _____

_____
(Signature)

_____
(Print Name)

State relationship to or interest in this action:

_____

_____

_____