IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL J. TRACY, an individual and Derivatively as a shareholder of Telemetrix and Convey; and  TRACY BROADCASTING CORPORATION, a Nebraska corporation;<br><br>                 Plaintiffs,<br><br>       vs.<br><br>TELEMETRIX, Inc.;  et. al;<br><br>                 Defendants. | 8:12CV359<br><br>MEMORANDUM AND ORDER |

The plaintiffs filed discovery motions to determine the sufficiency of the defendants' answers for requests for admission, (Filing No. 204), to compel production of documents from Defendants William Becker, Gary Brown and Telemetrix, Inc., (Filing No. 215), and compel production of documents from Defendants Larry Becker, Becker Capital Management, L.L.C., Green Eagle Communications, Inc. and Green Eagle Networks, Inc., (Filing No. 216).  The court ordered the parties to further confer, provide a succinct statement of the discovery issues that remain pending, and participate in a recorded hearing on any unresolved issues.  (Filing No. 226).   That hearing was held on July 14, 2015.

The motion to compel (Filing No. 216), was fully resolved (as discussed on the record and set forth in the court's order below) as to Larry Becker, Becker Capital Management, LLC, Green Eagle  Communications, Inc., Green Eagle Networks, Inc. (the GE defendants).

As to the Telemetrix defendants (William Becker, Gary Brown and Telemetrix, Inc.), the current and threshold dispute is whether the Telemetrix defendants have prepared and served a sufficiently informative privilege log.  The plaintiffs claim the

privilege logs fails to adequately identify the name and corporate position of the person who sent or received the documents identified in the privilege log, and fails to identify the proper custodian of the documents. The Telemetrix defendants argue they need not name the specific person who sent and received the documents; that identifying the author or recipient by the entity's name (e.g., Telemetrix, Inc,, the law firm name, etc.) is sufficient. The Telemetrix defendants have further identified their attorney as the document custodian. But Plaintiffs claim that for the purpose of a privilege log, the custodian is the person from whom the attorney received the documents—the person who could lay foundation for admissibility at trial.

"The attorney-client privilege attaches to corporations as well as to individuals," and "serves the function of promoting full and frank communications between attorneys and their clients." Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 348 (1985). The attorney-client privilege protects communications made in confidence by a client and a client's employees to an attorney, acting as an attorney, for the purpose of obtaining legal advice.

A corporation communicates through its employees, but the privilege is held by the corporation, not the employee. The privilege is not waived when a management employee is terminated or resigns and then moves to another job. "[W]hen control of a corporation passes to new management, the authority to assert and waive the corporation's attorney-client privilege passes as well." Commodity Futures Trading, 471 U.S. at 349. New managers installed to replace departing management may waive the corporation's attorney-client privilege with respect to communications made by former officers and directors. Displaced managers may neither assert the privilege over the wishes of current managers, (Commodity Futures Trading, 471 U.S. at 349), nor waive it. In re Richard Roe, Inc., 168 F.3d 69, 72 (2d Cir. 1999) ("The fact that the author of Document 195 no longer works for John Doe, Inc. is irrelevant. "It follows a fortiori that

since a corporate employee cannot waive the corporation's privilege, that same individual as an ex-employee cannot do so."); United States v. Chen, 99 F.3d 1495, 1502 (9th Cir. 1996) (holding the privilege remained intact, despite the former employee's disclosure of privileged information, where there was no evidence former employee had authority to waive privilege).

The attorney-client privilege does not attach to every communication between an attorney and a client.  For example, the privilege does not attach to communications that do not contain confidential information and reveal only the relationship between the parties, the reason a law firm was hired, and the steps which the law firm intends to take in discharging its obligation to the client.  Diversified Industries, Inc., 572 F.2d at 603 (en banc).  And documents that do not disclose the substance of the attorney-client communications, but merely indicate that discussions occurred, legal services were rendered, and documents were provided to the client are not protected by attorney-client privilege.  Burke v. Messerli & Kramer, P.A., 2010 WL 2520615, at *3  (D. Minn. June 15, 2010).

> The attorney-client privilege protects a corporate employee's communication if:
>
> (1) the communication was made for the purpose of securing legal advice;
>
> (2) the employee making the communication did so at the direction of a corporate superior;
>
> (3) the superior made the request so that the corporation could secure legal advice;
>
> (4) the subject matter of the communication was within the scope of the employee's corporate duties; and

3

> (5) the communication was not disseminated beyond those persons who, because of the corporate structure, need to know its contents.

In re Bieter Co., 16 F.3d 929, 935 (8th Cir. 1994) (quoting Diversified Indus., Inc. v. Meredith, 572 F.2d 596, 609 (8th Cir. 1977)). As to work product, the test is whether, "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." Simon v. G.D. Searle & Co., 816 F.2d 397, 401 (8th Cir. 1987). But "there is no work product immunity for documents prepared in the regular course of business rather than for purposes of litigation." Simon, 816 F.2d at 401.

Since the party asserting a privilege against disclosure bears the burden of establishing the privilege, (United States v. Hatcher, 323 F.3d 666, 675 (8th Cir. 2003)), that party must provide a privilege log which explains the basis of the claimed privilege for each document in question. Rabushka ex rel. U.S. v. Crane Co., 122 F.3d 559, 565 (8th Cir.1997). The privilege log must be detailed enough to fulfill its purpose. That is, it must provide enough information for the requesting party to determine whether the non-disclosing party has properly asserted the privilege.

Telemetrix' privilege log fails to fully meet this standard. For example, the privilege log lists:

> Various billing records and invoices from the Van Steenberg Law Firm to Telemetrix, Inc., dated 7/1/1998 to 11/1/2000.

(Filing No. 224-6, at CM/ECF p. 5). This privilege log entry does not state whether the billing records list anything which could reasonably be interpreted as "legal advice" or from which the parties' legal strategy in preparation or litigation could be ascertained. If the entries simply state, e.g., "reviewing correspondence from client," "drafting cover

4

letter to client with forwarded draft discovery responses," or "conferring with client regarding options going forward," absent some unusual circumstances not revealed in the record before this court, such entries cannot be interpreted as privileged. No legal advice or legal strategy is disclosed in the billings. In contrast, if the billings state, e.g., "conferring with client re: option of filing a change of venue motion to limit exposure to punitive damages," the entry may include confidential information.

>As another example, the Telemetrix privilege log lists:
>
>Correspondence to Telemetrix from Shughart Thomson & Kilroy dated March 20, 2007 (with attachments) related to Telemetrix v. Nyssen, LLP.

([Filing No. 224-6, at CM/ECF p. 5](#)). This entry fails to state who wrote the correspondence, who it was sent to, and who was allowed to receive a copy. And like the billing records described above, there is nothing indicating that any legal advice or legal strategy was discussed in the correspondence. For example, a cover letter stating, "Enclosed please find the discovery responses received from Nyssen, LLP. Please call at your earliest convenience to discuss this information. . . . ", does not contain confidential information entitled to attorney client or work product protection.

As to all of the privilege log entries, the Telemetrix defendants state their attorneys are the custodians of the documents. While it is true that the attorneys currently possess the documents, the privilege log is meant to assist is determining whether the documents, when in the clients' hands, were maintained and kept in a manner indicating the client did not consider the documents confidential, or if they ever did, they waived that confidentiality. As such, the privilege log prepared by the Telemetrix defendants must state how, where and by whom the responsive documents were maintained and kept by the client before they were forwarded to counsel for this litigation.

5

Simply stated, as to the privilege log of a corporation or other entity client, the log must provide enough information so apprise the requesting party of whether the documents listed are protected by the attorney-client privilege under the Eighth Circuit's five-part standard, (Diversified Indus., Inc., 572 F.2d at 609), or were prepared or obtained because of the prospect of litigation," (Simon, 816 F.2d at 401). The court understands that the line between insufficiently describing a document and providing such a detailed description that the confidentiality is lost can be somewhat gray. For this reason, and others, the court expects attorneys to discuss privilege log entries in good faith before filing motions to compel and/or requesting an *in camera* review. The court further notes that the level of specificity required in corporate client privilege logs is not discussed in Eighth Circuit law (at least by this judge's research), and it has not been previously outlined by this magistrate judge. Under these circumstances, I find an award of expenses to the plaintiffs and against the Telemetrix defendants for the lack of specificity in the privilege log would be unjust. Fed. R. Civ. P. 37.

Finally, the court notes that while this complex litigation has been pending since October 2012, the first two years were spent on extensive Rule 12(b)(6) motion practice and confirming that all persons who must or should be parties were named and served. The case was not suitable for progression until September 2014, and since that time, the plaintiffs have served and the defendants have responded to and answered numerous written discovery requests, including hundreds of document production requests. While the progression of this case is certainly not ideal, the court is not convinced the defendants have engaged in delay tactics to avoid case progression. That said, further delay in defendants' discovery responses may not be viewed the same.

Accordingly,

IT IS ORDERED:

1) Based on the parties' statements on remaining discovery disputes, ([Filing No. 230](), [Filing No. 231]()), Plaintiffs' motion to determine the sufficiency of the defendants' answers to requests for admission, ([Filing No. 204]()), is denied as moot.

2) As to the plaintiffs' motion, ([Filing No. 216]()), the GE defendants will be required to:

   a. On or before July 23, 2015, serve a written statement, signed under oath, which explains the efforts they have made to locate within their own files, or obtain from the bank, copies of the cancelled checks and deposit slips for the Becker Capital Management account at Wells Fargo Bank for 2006-2009, along with a statement of whether responsive documents could be located and were produced as a result of those efforts.

   b. Supplement their production of non-privileged emails responsive to Plaintiffs' discovery by July 20, 2015.

3) As to the plaintiffs' motion, ([Filing No. 215]()), the Telemetrix defendants will be required to prepare a privilege log in compliance with this order, and shall serve that log on plaintiffs' counsel no later than July 31, 2015.

4) Upon review of the filings, with the exception of [Filing No. 217-39]() (the Green Eagle 2011 Federal Income Tax Return), the plaintiffs' motion to restrict, ([Filing No. 221]()), is denied. [Filing No. 217-39]() shall remain filed as a restricted access document.

5) Plaintiffs' motion for sanctions is denied.

July 17, 2015.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.