IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL J. TRACY, an individual and Derivatively as a shareholder of Telemetrix and Convey;<br><br>    Plaintiff,<br><br>vs.<br><br>TELEMETRIX, Inc., et. al;<br><br>    Defendants. | 8:12CV359<br><br>**MEMORANDUM AND ORDER** |

   This matter is before the court on Plaintiff's Motion for Reconsideration, (Filing No. 239). For the reasons set forth below, the motion will be granted and Plaintiff's Motion to Determine the Sufficiency of Answers to Requests for Admissions, (Filing No. 204) will, upon reconsideration, be granted in part and denied in part.

BACKGROUND

   Plaintiff originally filed this action in the District Court for Scotts Bluff County, Nebraska on March 29, 2012. The complaint lists numerous claims based on alleged fraudulent transfers relating to defendant Telemetrix's bankruptcy. The case was removed to federal court on October 8, 2012. (Filing No. 1). After several rounds of motion practice, discovery commenced on September 24, 2014. The parties experienced discovery related disputes, including Plaintiff's Motion to Determine the Sufficiency of [Defendants'] Answers to Requests for Admission, (Filing No. 204), and Plaintiff's Motion to Compel, (Filing No. 216). The undersigned magistrate issued an order instructing the parties to submit to the court statements "outlin[ing] the discovery requests that remain pending and the objections that are still being asserted" and scheduled a status conference to discuss the remaining discovery disputes. (Filing No. 226).

The parties submitted a joint statement on the status of their discovery disputes which outlined the unresolved issues the pending motion to compel. The statement made no mention of Plaintiff's motion regarding the sufficiency of Defendants' responses to the Requests for Admission. ([Filing No. 230](#)). A telephonic hearing, on the record, was held on July 14, 2015, ([Filing No. 235](#)). Based on the briefs and argument, the undersigned issued an order resolving the outstanding discovery disputes. Because the parties failed to mention their ongoing dispute over Defendants' responses to requests for admission, the court assumed those issues were resolved. As such, Plaintiff's motion regarding the requests for admission was denied as moot. ([Filing No. 237](#)).

Plaintiff subsequently filed his motion to reconsider that ruling, arguing the parties did not consider the dispute over the request for admissions as a disputed "discovery request," so they did not include it within their joint submission and never discussed it at the July 14, 2015 hearing.

ANALYSIS

Pursuant to Rule 60(b): "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . (6) any other reason that justifies relief."

Plaintiff seeks relief from the court order denying as moot his motion regarding the requests for admission. As an initial matter, the court's order was clear: The order encompassed all outstanding discovery disputes – which would certainly include any issues regarding requests for admission. In its submissions to the court, the Plaintiff did not indicate his motion regarding the requests for admission was still at issue. However, giving the parties' the benefit of the doubt, and assuming they simply did not interpret my order

correctly, the court will reconsider the order denying as moot Plaintiff's motion regarding the requests for admission.

Plaintiff moves for the court to determine Defendants' responses to certain Requests for Admission of Defendants William Becker, Gary Brown, and Telemtrix, Inc. are insufficient. (Filing No. 204). Plaintiff asks for a ruling that the following requests must be deemed admitted by the respective defendants:

| | |
|---|---|
| Telemetrix: | Nos. 4, 5, 7, and 33; |
| William Becker: | Nos. 36-43, 49, 50, and 55; |
| Gary Brown: | Nos. 12, 37-41, and 47-48. |

In response to each of these requests, the respective defendants stated they could neither admit nor deny the requests because they were either unaware of the facts, had no personal knowledge regarding the request for admission, or could not specifically recall the events described in the requests for admissions. (Filing No. 206-4 at CM/ECF pp. 17-39).

Plaintiff argues these responses fail to sufficiently comply with the federal rules. Fed. R. Civ. P. 36(a)(4) states a party must either admit or deny a request for admission or, if a party has no knowledge or information, the party must "state[] that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Defendants' responses did not contain a statement to that effect.

Plaintiff argues that since Defendants' answers are insufficient, the requests must be deemed admitted. The court disagrees. Pursuant to Fed. R. Civ. P 36(a)(6), and on a finding that answers are insufficient, "the court may order either that the matter is admitted or that an amended answer be served." The court has substantial discretion in determining what action, if any, is appropriate in such cases. See Titus v. Stanton County, Neb., case no. 8:12cv261, 2013 WL 4546566 at *3 (D. Neb. Aug. 27, 2013).

In this case, Defendants stated they do not remember or have a sufficient knowledge to either admit or deny the Requests for Admission identified in Plaintiff's motion. But they failed to state they had made a reasonable inquiry in an attempt to fully respond to the requests, and despite these efforts, the information they know or can readily obtain is insufficient to enable them to admit or deny the requests. Fed. R. Civ. P. 36(4). The respective defendants are instructed to review the contested requests for admission and, if they have not already done so, make the necessary inquires to determine whether they can readily obtain the information needed to admit or deny the requests. If they cannot obtain the necessary information, they need to state they have complied with the Federal Rules of Civil Procedure by making the reasonable inquiry. If information is found, they must amend their respective answers and either admit or deny the requests for admission.

IT IS ORDERED:

1) Plaintiff's Motion for Reconsideration, (Filing No. 239) is granted.

2) Plaintiff's Motion to Determine the Sufficiency of Answers to Requests for Admissions, (Filing No. 204) is granted in part and denied in part.

3) On or before September 9, 2015, Defendants shall amend their respective responses to Plaintiff's requests for admission as set forth in this order.

Dated this 27th day of August, 2015

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.