IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL J. TRACY, an individual and derivatively as a shareholder of Telemetrix, | ) ) ) ) | |
| Plaintiff, | ) ) | 8:12CV359 |
| v. | ) ) | |
| TELEMETRIX, INC., WILLIAM BECKER, LARRY BECKER, GARY BROWN, BECKER CAPITAL MANAGEMENT, LLC, GREEN EAGLE COMMUNICATIONS, INC., GREEN EAGLE NETWORKS, INC., GAYLE BECKER, DIANE LARKOWSKI, and MITCHELL BENNETT, | ) ) ) ) ) ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) ) | |

On September 4, 2015, Plaintiff filed an amended motion for leave to file a third amended complaint after the progression order deadline. (Filing 260.) The motion sought to add three defendants—Gayle Becker, Mitchell Bennett, and Diane Larkowski—and seven causes of action against those defendants. While the motion to file an amended complaint was still pending, and on November 9, 2015, Plaintiff filed a "first" motion for partial summary judgment as to various claims against the original defendants.[1] (Filing 302.)

---

[1] Plaintiff's brief in support of his "first" motion for summary judgment is 83 pages long, and Plaintiff has filed 197 exhibits in support of the motion. (Filings 304-308.)

On November 13, 2015—two days after Plaintiff's motion for partial summary judgment was filed—Magistrate Judge Zwart granted Plaintiff's motion to file a third amended complaint, thereby allowing the addition of three defendants. (Filing 310.) One of those defendants, Gayle Becker, has waived service of process and counsel have entered their appearance. (Filings 313, 314, 317.) The original defendants and new defendant Gayle Becker have been ordered to file a responsive pleading to the third amended complaint by December 11, 2015. (Filing 316.) The remaining two new defendants, Mitchell Bennett and Diane Larkowski, have not yet been served.

The original defendants and new defendant Gayle Becker have filed a motion for an extension of time to respond to Plaintiff's motion for summary judgment, which is currently due December 3, 2015. (Filing 319.) The motion states that the defendants plan to file a motion pursuant to Fed. R. Civ. P. 56(d) asking the court to defer consideration of Plaintiff's motion for partial summary judgment or, alternatively, to allow the defendants time to conduct discovery. The motion proposes three "if-then" scenarios[2] for the defendants' deadline to respond to the motion for summary

---

[2]Specifically, the motion requests the following:

> WHEREFORE, GE Defendants and Telemetrix Defendants respectfully request that the Court enter an Order granting this Motion and enlarging the time for Defendants to respond to Plaintiff's Motion [for Summary Judgment] as follows:
> (a)  if the Court *defers* consideration of Plaintiff's First Motion [for Summary Judgment] pursuant to Rule 56(d)(l), then Defendants request that they be allowed to respond to the First Motion no sooner than 45 days after the Court notifies the parties that the Court will consider the First Motion;
> (b)  if the Court allows Defendants time to take discovery pursuant to Rule 56(d)(2), then Defendants request that they be allowed 30 days after the completion of such discovery to respond to the First Motion; or
> (c)  if the Court *denies* Defendants' Rule 56(d) motion, then Defendants request that they be allowed 45 days after the Court's Order

2

judgment depending upon whether this court eventually grants the still-to-be-filed Rule 56(d) motion. Plaintiff objects to the defendants' motion for an extension of time for the reason that no Rule 56(d) motion has yet been filed. (Filing 320.)

Because (1) Plaintiff's motion for partial summary judgment (Filing 302) is based on a complaint that is no longer operative; (2) a third amended complaint has now been filed (Filing 260-1), adding three new defendants—two of whom have not yet been served, and all of whom have not yet filed an answer to the new complaint; and (3) the court refuses to inefficiently resolve this complex 2012 case via numerous piecemeal motions for summary judgment, the pending motion for partial summary judgment shall be denied without prejudice to refiling after *all defendants* are at the same point. That is, I shall consider *one set* of cross-motions for summary judgment filed by the parties named in the operative third amended complaint (Filing 260-1) once discovery is completed by all parties. Further, I shall require the parties to submit with such cross-motions for summary judgment a *joint* stipulated statement of material facts.[3]

Accordingly,

IT IS ORDERED:

1.  The plaintiff's motion for summary judgment (Filing 302) is denied without prejudice to refiling, subject to the following conditions:

---

denying Defendants' Rule 56(d) motion to respond to the First Motion. (Filing 319 at CM/ECF p. 7.)

[3]If the parties find this task impossible, perhaps they should reconsider the wisdom of filing motions for summary judgment instead of proceeding directly to trial.

3

(a) The court will consider *one set* of cross-motions for summary judgment filed by the parties named in the operative third amended complaint (Filing 260-1) once all parties have completed discovery; and

(b) The parties shall submit with such cross-motions for summary judgment a *joint* stipulated statement of material facts;

2. The plaintiff's motion (Filing 303) to restrict access to certain exhibits that have been filed in support of the motion for summary judgment and that are subject to the protective order (Filing 191) is granted;

3. The defendants' joint motion (Filing 319) for an extension of time to file a response to the plaintiff's motion for summary judgment, and the plaintiff's objection thereto (Filing 320), are denied as moot; and

4. The Clerk of Court shall send a copy of this memorandum and order to Magistrate Judge Zwart.

DATED this 2nd day of December, 2015.

> BY THE COURT:
> *Richard G. Kopf*
> Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.