IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL J. TRACY, an individual and Derivatively as a shareholder of Telemetrix and Convey;<br><br>Plaintiff,<br><br>vs.<br><br>TELEMETRIX, Inc.; WILLIAM W. BECKER, LARRY BECKER, GAYLE BECKER, GARY BROWN, BECKER CAPITAL MANAGEMENT, LLC, GREEN EAGLE COMMUNICATIONS, INC., GREEN EAGLE NETWORKS, INC., DIANE LARKOWSKI, and MITCHELL BENNETT,<br><br>Defendants. | 8:12CV359<br><br>**FINDINGS AND RECOMMENDATION** |

This matter is before the court on parties stipulated motion to approve settlement. ([Filing No. 372](#)). After conducting a hearing today, ([Filing No. 359](#)), the undersigned magistrate judge recommends that the terms of the parties' proposed settlement ([Filing No. 373-1](#)) be approved.

BACKGROUND

The parties have been litigating for years. In 2004, a Telemetrix Shareholder's Agreement was executed – the result of litigation with creditors of Telemetrix. Pursuant to the Shareholder's Agreement, Plaintiff Michael J. Tracy lost control of Telemetrix and became a minority shareholder. Since assuming this status, Tracy has alleged various acts of malfeasance on the part of the controlling shareholders.

The above-captioned case was removed to this court on October 8, 2012. ([Filing No. 1](#)). The suit involves various loans and the transfer of Telemetrix assets, including its FCC broadcasting license. Plaintiff Tracy brought his claims against all Defendants, both individually and derivatively on behalf of Telemetrix. The crux of the case is based on allegations that Defendants mismanaged and defrauded Telemetrix for the benefit of the individual defendants and the defendant companies. Plaintiff's operative complaint seeks recovery under the Racketeer Influenced and Corrupt Organizations ("RICO") Act and on common law theories of conversion, civil conspiracy, breach of fiduciary duty, unjust enrichment, an accounting, and constructive trust against Telemetrix and numerous officers, directors, and managers of Telemetrix. (See [Filing No. 290](#)).

After engaging in extensive motion practice and discovery, the parties participated in mediation at least twice with the assistance of a highly experienced mediator. These attempts at settlement were unsuccessful, but the parties continued to negotiate.

On or about December 9, 2016, the parties reached a settlement of all claims. ([Filing No. 373-1](#)). Among other things, the parties agreed as follows:

1. Pending this Court's approval, and in exchange for Green Eagle's agreement to pay Plaintiff the principal sum of $800,000, Plaintiff will (a) assign all Telemetrix stock owned by Plaintiff to a holding company and (b) will dismiss, with prejudice, his direct claims asserted in this action; and

2. Pending this Court's approval, Plaintiff will voluntarily dismiss, with prejudice, his derivative claims.

([Filing No. 373 at CM/ECF p. 6](#)).

With the court's approval, notice of the foregoing settlement was published in the Omaha World-Herald and the Daily Record once a week for three consecutive weeks (on September 25, 2017, October 2, 2017, and October 9, 2017). ([Filing No. 376](#)). The notice stated the material terms of the settlement, advised that any objections must be made on or before November 13, 2017, and stated that the hearing for court approval of the settlement was scheduled for November 16, 2017 at 12:00 p.m. in Courtroom 2 at the United States District Courthouse in Lincoln, Nebraska. ([Filing No. 376, at CM/ECF p. 3](#)).

No objections to the settlement were timely received prior to the hearing. The hearing was held today as scheduled. Counsel for the parties appeared telephonically. No one else attended the hearing or raised any objection to the settlement.

## ANALYSIS

Courts will approve derivative settlements only if they are fair, reasonable, and adequate. [Weiner v. Roth, 791 F.2d 661, 662 (8th Cir. 1986)](#). The court's role is to "determine whether the proponents of the settlement have shown that it fairly and adequately serves the interests of the corporation on whose behalf the derivative action was instituted." [Republic National Life Insurance Company v. Beasley, 73 F.R.D. 658, 667 (S.D.N.Y. 1977)](#) (citations omitted).

> A district court is required to consider four factors in determining whether a settlement is fair, reasonable, and adequate: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement.

[In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 932-33 (8th Cir. 2005)](#).

This lawsuit is highly complicated, requiring significant time and expense for all parties. To present this case at trial, the parties will need to marshal and present facts buried within volumes of corporate records, financial documents, and SEC filings, with complex liability and damage issues explained through both lay and expert testimony. All parties face the risk of loss at trial. If the case is tried and Plaintiff prevails, his actual success will depend on his ability to collect the judgment. But that step may be difficult: Defendants' assets may be located in foreign or international jurisdictions. So a settlement agreement that requires the Defendants, or at least some of them, to make voluntary payments is a realistic means--and perhaps the only means--for Plaintiff to recover any actual funds. The parties have already incurred hundreds of thousands of dollars of attorneys' fees and costs in connection with this lawsuit. By settling now, the parties will avoid additional and substantial legal fees and costs while affording Plaintiff a partial recovery of alleged damages through timed, structured payments. Finally, the terms of the parties' settlement are unopposed: 84.18% of Telemetrix's outstanding shares have approved the settlement. No unrepresented shareholders have posed an objection and no one attended today's hearing to object.

The parties' proposed settlement comes at an advanced stage of the lawsuit, after both sides explored the facts and the potential benefits and risks of proceeding to trial. The duration of the litigation, extent of discovery, and continuous zealous advocacy on both sides evidence a settlement arising from the parties' arms-length negotiations. City Partnership Co. v. Atlantic Acquisition Ltd. Part., 100 F.3d 1041, 1043 (8th Cir. 1996) (holding the court considers whether the parties conducted discovery, engaged in arms-length bargaining, and used an experienced mediator before reaching a settlement).

For the foregoing reasons, the court finds the parties' proposed settlement is fair, reasonable, and adequate, serves the interests of the corporation by fully and completely resolving all claims asserted, and is not the product of fraud or collusion..

Accordingly,

IT IS RECOMMENDED to the Honorable Richard G. Kopf, United States District Judge, pursuant to [28 U.S.C. § 636(b)](), that the parties' motion to approve settlement ([Filing No. 372]()), be granted.

All parties have waived the right to object to the above recommendation to approve the parties' settlement.

Dated this 16th day of November, 2017.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge